### In re UNION FOODS, Inc.

### Claims of McCARTY et al.

### No. 22193.

District Court, E. D. Pennsylvania.
March 8, 1944.

Harvey H. Steckel (of Butz, Steckel & Rupp), of Allentown, Pa., for claimants.

Henry L. Snyder (of Snyder, Wert & Wilcox), of Allentown, Pa., for trustee.

BARD, District Judge.

This matter is before me on a certificate of review of the order of a referee in bankruptcy dismissing a reclamation petition and disallowing petitioners' claim.

The claimants were officers of the bankrupt corporation which had been engaged in the operation of a roadside restaurant near Allentown, Pennsylvania. The corporation was the holder of a Pennsylvania liquor license expiring February 1, 1943. In order to obtain a renewal of this license it was necessary to make application to the Pennsylvania Liquor Control Board before December 1, 1942, and to remit the license fee of $400. At that time the corporation was insolvent and did not have the funds necessary for the payment of this fee. According to the testimony, on November 30, 1942, the claimants advanced the $400 by check payable to the order of the corporation under an oral agreement by which they were to be reimbursed out of the proceeds of the liquor license when sold. At the time it was not contemplated that the corporation would use the license for its own purposes, but negotiations were being made by an agent for the sale of the license when renewed. It was further testified that, under the oral agreement, the claimants were to get the proceeds of the check if the application were turned down, but that if the license were granted and the sale consummated, the excess of the net proceeds of the sale over the $400 to be repaid to claimants was to go into the corporation's treasury.

The application for the liquor license was approved, but before the effective renewal date the corporation was adjudicated a bankrupt on its voluntary petition on January 9, 1943. Because of the bankruptcy proceedings, the current license was terminated under operation of Law 47 P.S. § 744—408, and the renewal license was not issued. The Pennsylvania Liquor Control Board returned the license fee of $400 to the trustee in bankruptcy.

Claimants filed with the referee in bankruptcy a "petition", subsequently referred to as a "petition for reclamation" and a "claim", seeking an order directing the trustee to pay to them the sum of $400, on the ground that this sum represented their

property rather than an asset of the bankrupt. The referee denied the prayer of the petition and wrote a careful and comprehensive opinion in support of his action.

█ The theory urged by the claimants is that the money in question never became the property of the bankrupt, but at all times remained their property. The facts disclosed by the evidence which they produced do not support this theory. Claimants advanced certain funds with which the corporation was to acquire a particular asset—a liquor license. When this license was obtained, it was to have been sold and claimants were to have been "reimbursed" out of the proceeds. The liquor license admittedly would have been an asset of the corporation rather than of the claimants and indeed, under the law, could have been obtained only by the corporation and not by the claimants themselves. It was therefore contemplated that the $400 would be used by the corporation for the purpose of acquiring an asset which was expected to have a value in excess of that sum and that claimants should be reimbursed out of the proceeds of the sale of that asset. Thus, claimants were in no different position from any one who advances funds to a corporation for its acquisition of an asset in the conduct of its business. The additional fact that claimants were to be reimbursed out of the intended sale of such asset does not give them any rights other than as a creditor of the corporation. If claimants' contention were to prevail, any one advancing money to a corporation for use in its business could designate the assets acquired by the corporation and stipulate that repayment be made out of the proceeds of the sale of those assets and thereby obtain a preference over other creditors of the corporation in the event of bankruptcy. As was aptly said by the referee: "We do not feel that bargains of the type of the one in this case should be sanctioned. Approval of this transaction by the Courts would open the door to a practice that would enable the officers and directors of insolvent corporations to tie up the assets of a corporation to the prejudice of creditors."

█ Claimants' further argument that other creditors gave no credit in reliance on their advance of $400 and are being unjustly enriched by that sum, has no merit. Creditors of a bankrupt need not establish that they gave funds or credit in reliance on particular assets in order to be entitled to their proportionate share of the bankrupt estate. Claimants have the burden of establishing that the fund in the hands of the trustee was their asset rather than that of the bankrupt estate, and this they have failed to do.

In view of my conclusion on this question, it is unnecessary to consider the other grounds upon which the referee also based his order. The order of the referee in bankruptcy is affirmed.